**The document below is hereby signed.**

**Dated: December 27, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GB HERNDON AND ASSOCIATES, | ) | Case No. 10-00945 |
| INC., | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| THE ADAMS NATIONAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 10-10052 |
| | ) | |
| GB HERNDON AND ASSOCIATES, | ) | For publication in West's |
| INC., *et al.*, | ) | Bankruptcy Reporter. |
| | ) | |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER RE CONTEMPT MOTION

The plaintiff, now a judgment creditor, seeks to hold Gloria B. Herndon, a defendant and now a judgment debtor, in contempt for failure to appear for deposition and to produce documents at that deposition.  The motion will be denied.

I

Rule 5(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> (b) SERVICE: HOW MADE.
>     (1) Serving an Attorney. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
>     (2) Service in General. A paper is served under this rule by: . . .
>         (E) sending it by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; . . .

The plaintiff made service under Fed. R. Civ. P. 5(b) of a notice to take Ms. Herndon's deposition and of a subpoena, directed to her, to appear for the deposition, by electronically transmitting copies to her attorney of record (who, as an e-filer, had agreed

to electronic service).[1] As authorized by Rule 30(b)(2), the notice was accompanied by a Rule 34 request to produce documents at the deposition. Ms. Herndon failed to appear for deposition, and to respond to the request to produce documents. The motion for contempt ensued. Ms. Herndon contends that the subpoena was not properly served, and argues that contempt is not an available sanction because no subpoena had been properly served to force her to appear for deposition, and no order had been entered compelling her to appear for deposition and to produce documents.

II

The service of the subpoena directed to Ms. Herndon was not effective service. Under Fed. R. Civ. P. 45(b)(1), "[s]erving a

---

[1] See the court's *Administrative Order Relating to Electronic Case Filing* and the accompanying approved *Administrative Procedures for Filing, Signing, and Verifying Documents by Electronic Means*. With exceptions of no relevance here, "Users, by receiving a login and password from the Court, agree to receive notice and service by electronic means," *Administrative Procedures* at § I(D)(1), and:

> Participation in CM/ECF [Case Management/Electronic Case Filing] and receipt of a login and password provided by the Court, shall constitute (1) a request for notice by electronic means pursuant to FRBP 9036, and (2) consent under FRCP 5(b)(2)(E) to service of papers by electronic means, with the transmission of the notice or paper being complete upon the transmission of the NEF [Notice of Electronic Filing] relating to such notice or paper. Users in CM/ECF, by possessing a login and password from the Court, agree to receive such notice and service by electronic means, through NEFs, both from the Court and from other ECF Users.

*Id.* at § II(C)(2).

subpoena requires delivering a copy to the named person and . . . tendering the fees for 1 day's attendance and the mileage allowed by law." The plaintiff does not allege that it tendered the required fees for 1 day's attendance and the mileage allowed by law. The subpoena was thus ineffective.[2]

### III

Nevertheless, the service of the notice to take deposition was sufficient to compel Ms. Herndon to appear for deposition. Under Fed. R. Civ. P. 69(a), a judgment creditor is allowed to obtain discovery from the judgment debtor in the manner provided elsewhere in the Federal Rules of Civil Procedure, including under Rules 5(b), 30(a), and 37. *See Cerami v. Robinson*, 85 F.R.D. 371 (S.D.N.Y. 1980). Accordingly, the bank's Rule 30(a) notice to take the deposition and its electronic transmission to Ms. Herndon's attorney of record (a form of service authorized by Fed. R. Civ. P. 5(b)) was valid service on Ms. Herndon, and

---

[2] I need not decide whether service of the subpoena on Ms. Herndon's counsel sufficed to constitute delivery of the subpoena to Ms. Herndon by reason of Rule 5(b). *Compare In re Application of Chevron Corp.*, 2010 WL 3584520, at *6 (S.D. Cal. Sept. 10, 2010) (Rule 5(b) permitted subpoena to a party to be "delivered" for purposes of Rule 45 via service on the party's attorney) *with Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (service of subpoena, directed to a plaintiff, on the plaintiff's attorney was not good service). *See also FTC v. Compagnie de Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) ("[C]ompulsory process [under Rule 45] may be served upon an unwilling witness only in person"). Nor need I decide whether a subpoena may be used to compel a party to produce documents in lieu of a request to produce documents.

compelled her to appear for deposition subject to sanctions under Rule 37(d) for failing to appear, and no subpoena or court order was required. *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35 (3d Cir. 1979); *Fox v. Studebaker–Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir. 1975); *Peitzman v. City of Illmo*, 141 F.2d 956 (8th Cir.), *cert. denied*, 323 U.S. 718 (1944); *Collins v. Wayland*, 139 F.2d 677 (9th Cir.), *cert. denied*, 322 U.S. 744 (1944); *Pinkham v. Paul*, 91 F.R.D. 613, 614 (D. Me. 1981); C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2107.[3] Similarly, service under Rule 5(b) of the request to produce documents via transmission to Ms. Herndon's attorney was service of that request on Ms. Herndon, and Rule 34 compelled her to respond to the request.

IV

Civil contempt is not the appropriate sanction when a judgment debtor fails to appear incident to the judgment creditor's notice to take deposition. Pursuant to Fed. R. Civ. P. 45(e), a deponent can be held in contempt for failing to appear pursuant to a deposition subpoena. Rule 37(d), the rule governing a failure of a party to provide discovery (including failing to appear in response to a notice to take the party's

---

[3] The entry of judgment did not effect a termination of her counsel's being her attorney of record, and service of postjudgment papers on the attorney of record was service on Ms. Herndon. *Guam Econ. Dev. Auth. v. Ulloa*, 841 F.2d 990, 993 (9th Cir. 1988).

5

deposition), could have similarly provided that a party who fails to appear for deposition after valid service of a notice to take deposition is subject to being held in contempt, but Rule 37(d) does not so provide.  Instead, Rule 37(d)(3) provides that sanctions "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."  The six enumerated forms of sanctions do not include treating the failure to appear as a contempt.[4]  In contrast, Rule 37(b)(2)(A)(vii) authorizes a court to enter an order "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

Nevertheless, in a decision addressing a contempt motion for failure of a judgment debtor to appear in response to notice to take deposition in aid of collection of the judgment, the court observed that "[t]he Courts have held that where a Notice to Take

---

[4] The sanctions available under Rule 37(b)(2)(A)(i)-(vi) are of no benefit to a judgment creditor seeking to discover assets from which to collect the judgment.  Instead, they are sanctions designed, in the case of a plaintiff, to facilitate obtaining an adjudication of the plaintiff's claim, something that has already been accomplished when the plaintiff obtains a monetary judgment and becomes a judgment creditor.  Nevertheless, Rule 37(d)(3) does not include contempt as a sanction for a judgment debtor's disregard of a notice to take the judgment debtor's deposition or of a request to produce documents.  Rule 37(d)(3) does, however, permit a party to seek an award of reasonable expenses incurred by reason of such failure, and the party also has the right under Rules 37(a)(1) and 37(a)(3)(B)(iv) to file a motion for an order compelling production of the documents, and to seek an award of fees for making the motion under Rule 37(a)(5).

6

Deposition is served upon the party's attorney of record and no motion for relief is filed on behalf of that party that it must be considered as if the Court had directed the depositions to be taken." *Chagas v. United States*, 369 F.2d 643, 644 (5th Cir. 1966), citing *Harris v. 20th Century Fox Film Corp.*, 139 F.2d 571 (2d Cir. 1943).  After making that observation, the *Chagas* decision proceeded to address whether the appellant could be held in contempt for failing to appear as a party in response to a notice to take deposition, but without deciding whether contempt can ever be a sanction for a party's failing to appear in response to a notice to take deposition, the court ruled, on other grounds, that a finding of contempt was inappropriate.

*Chagas* ought not be followed if it is read as opining that contempt can be sought for a party's disregard of a notice to take the party's deposition.  Viewing a notice to take deposition as tantamount to the court's directing that the deposition be taken, as in *Chagas*, is not a sound basis for concluding that contempt is an available sanction for failure of a party to attend the party's deposition after proper service on the party of a notice to take the deposition.  The rules do not expressly impose an obligation on the party to appear in response to a notice to take the party's deposition.  Instead, via Rule 37(d) sanctions may be imposed if the party fails to appear, and it is only in that sense that the rules are tantamount to the court's

7

directing the party to appear without the necessity of a court order.  In *Schleper v. Ford Motor Co., Auto. Div.*, 585 F.2d 1367, 1371 n.3 (8th Cir. 1978), the court of appeals ruled that contempt sanctions were not available as a sanction in the case of a party's failure to comply with the obligation to answer interrogatories, an obligation arising under Fed. R. Civ. P. 33 without the necessity of a court order.  The court reasoned: "Under Fed.R.Civ.P. 37(d) certain sanctions may be imposed for failure to answer an interrogatory without first obtaining a court order.  However, contempt of court is not one of the sanctions available under Rule 37(d)."  *Id.*[5]  That holding has correctly been extended to circumstances identical to those at issue here, the failure of a judgment debtor to appear in response to a notice to take the judgment debtor's deposition. *Bellamah Corp. v. Rio Vista Apts.*, 656 P.2d 238, 239-40 (N.M. 1982).

    The unavailability of contempt as a sanction applies as well to Ms. Herndon's failure to respond to the Rule 34 request to produce documents.  A party is obligated under Rule 34 to respond to a request to produce documents without the necessity of a

---

[5] *See also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 (1984) (Court analyzed a state court discovery rule identical to Rule 37, and noted that if a litigant fails to comply with an appropriate discovery request, the trial court may have to interject itself and order compliance, enforceable by the court's contempt powers).

8

court order, but the only sanctions available under the Federal Rules of Civil Procedure for failing to do so are those available under Rule 37(d)(3) (and the right under Rules 37(a)(1) and 37(a)(3)(B)(iv) to file a motion for an order compelling production of the documents and the right under Rule 37(a)(5) to seek expenses for making such a motion).

For all of these reasons, the motion for contempt must be denied.

V

Although contempt sanctions are unavailable, sanctions may be sought instead under Rule 37(d), including an award of attorney's fees under Rule 37(d)(3). The plaintiff has invoked Rule 37(d) only in reply to Ms. Herndon's opposition. Such relief ought to be sought via a motion instead of a reply to an opposition to a contempt motion.

Moreover, under Rule 37(d)(1)(B):

> A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

As to the request to produce documents, expenses incurred by reason of the failure to respond to the request to produce documents (including attorney's fees) cannot be sought unless

such a certification is filed.[6]

Finally, the relief requested includes an order compelling Ms. Herndon to appear for deposition and to produce the requested documents. Such relief must be sought under Rule 37(a)(1), which provides that the motion "must include a certification that the movant has in good faith conferred or attempted to confer with the . . . party failing to make . . . discovery in an effort to obtain it without court action" and attorney's fees incurred in obtaining such an order are available only as authorized by Rule 37(a)(5).

## VI

Ms. Herndon's opposition seeks sanctions, contending that the contempt motion was not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," apparently quoting Fed. R. Bankr. P. 9011(b)(2). But the procedures of Fed. R. Bankr. P. 9011(c)(1)(A) for seeking sanctions have not been followed. The request for sanctions will thus be denied.

---

[6] Rule 37(d)(1)(B), however, does not require such a certification for pursuing a motion to impose sanctions for failing to appear at a deposition, and thus attorney's fees based on Ms. Herndon's failure to appear for deposition can be awarded as a sanction without such a certification.

VII

An order follows denying the plaintiff's contempt motion and denying Ms. Herndon's request, in her opposition, for an award of attorney's fees.

[Signed and dated above.]

Copies to: All counsel of record.